[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the plaintiff's motion to cite in an additional defendant, Fiorello Barucca, and the defendant's objection to that motion.
The plaintiff's claim against defendant Martin Goldberg is set forth in a five-count complaint served on him along with a motion for appointment of a receiver. In that complaint, the plaintiff alleges that he and the defendant were equal partners in a partnership whose sole asset is a commercial property at 715 Orange Street in West Haven. The plaintiff seeks an accounting (Count One) accuses the defendant of breach of fiduciary duties with regard to partnership assets (Count Two), alleges a violation of § 34-59 C.G.S. (Count Three); alleges intentional infliction of emotional distress (Count Four); and alleges negligent infliction of emotional distress (Count Five).
The plaintiff claims in support of his motion to cite in Fiorello Barucca as an additional defendant, that he is a party necessary for complete determination of the issues involved in his dispute with the defendant. The proposed complaint against Barucca does not claim that he had an interest in the realty partnership at issue in the action for an accounting but asserts that Goldberg gave Barucca the use of funds converted by Goldberg from assets of the realty partnership. The proposed complaint against Barucca does not allege that he currently holds funds belonging to the realty partnership, nor does it allege that Barucca was the recipient of a fraudulent conveyance. Basically, the proposed claim of conspiracy against Barucca concerns allegations of what Goldberg did with assets of the partnership.
In moving to cite in an additional defendant, the plaintiff has not identified either the statute or section of the rules of practice on which he relies. Since the plaintiff asserts that "the CT Page 7424 presence of Mr. Barucca is necessary for a complete determination of the issues involved in this controversy," it appears that he is relying on General Statutes § 52-102.
Examination of the proposed complaint against Barucca reveals that the participation of this person is not necessary to determine the issues of Goldberg's breaches of duties to the plaintiff, just as, if Goldberg were alleged to have used partnership assets to buy a new car, the car dealership would not be a necessary party.
Where the interests of a proposed added party are separable from those of the parties before the court, so that the court can proceed to a decree and to complete and final justice without affecting other persons not before the court, joinder is not appropriate. Sturman v. Stocha, 191 Conn. 6-7 (1983); Lettieri v.American Savings Bank, 182 Conn. 1, 13 (1980).
The court finds that Fiorello Barucca is not a party necessary to the adjudication of the plaintiff's claims against the defendant. The motion to cite in is, accordingly, denied.
Beverly J. Hodgson Judge of the Superior Court